**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GINA L. WATSON,                                              Case No. 1:20-cv-802
     Plaintiff,                                         Barrett, J.
                                              Litkovitz, M.J.

     vs.

OHIO AMBULANCE SOLUTIONS, LLC, *et al.*,        **ORDER**
     Defendants.

This matter is before the Court on plaintiff's motion for leave to amend her complaint and to submit supplemental pleadings.  (Doc. 15).

Fed. R. Civ. P. 15(a) provides that the Court "should freely give leave [to amend] when justice so requires."  Rule 15(a), however, must be read in conjunction with Fed. R. Civ. P. 16(b), which provides that a scheduling order limiting the time to amend pleadings may be modified "only for good cause and with the judge's consent."  Once the deadline set forth in the scheduling order has passed, a plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend in compliance with the terms of the scheduling order before the Court will consider whether amendment of the complaint is proper under Rule 15(a).  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Good cause is measured by a party's due diligence in attempting to meet the scheduling deadlines set by the Court.  *Id.* at 906 (citing Fed. R. Civ. P. 16(b), 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment."  *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary*, 349

F.3d at 906).  *See also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Knight v. Kitchen*, 2:19-cv-4166, 2021 WL 456723, at *2 (S.D. Ohio Feb. 9, 2021); *Payne v. Ford*, No. 3:18-cv-2451, 2020 WL 2496926, at *1 (S.D. Ohio May 14, 2020) (Although the primary focus is on the movant's due diligence, the Court must also consider whether the nonmovant will be prejudiced).  However, "the absence of prejudice to the opposing party is not equivalent to a showing of good cause."  *Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) (citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

In this case, the Court issued a scheduling order on December 3, 2020, which set a deadline of December 31, 2020, for the filing of motions to amend the pleadings.  (Doc. 14).  While plaintiff's motion to amend her complaint was filed prior to this deadline, it does not include a proposed amended complaint.  Rather, plaintiff seeks to amend her complaint, and/or alternatively file supplemental pleadings, in the future "if appropriate[.]"  (Doc. 15 at PAGEID 168).  At this juncture, there is no proposed amended complaint for the Court to review to determine whether an amendment of the complaint is warranted.  Therefore, plaintiff's motion to amend is **DENIED**.  Plaintiff is notified that because the deadline for amending the complaint has expired, any further motions to amend must demonstrate "good cause" under Rule 16(b).

**IT IS SO ORDERED.**

Date: 2/19/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

2