UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GINA L. WATSON,
    Plaintiff,

vs.

OHIO AMBULANCE SOLUTIONS, LLC, et al.,
    Defendants.

Case No. 1:20-cv-802
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff Gina Watson brings this pro se action against defendants Ohio Ambulance Solutions, LLC ("OAS") and Chris Foster ("Foster") alleging causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and state law.  (Doc. 4).  This matter is before the Court on plaintiff's second motion to compel discovery and for sanctions (Doc. 54), defendants' response in opposition (Doc. 58), and plaintiff's reply memorandum (Doc. 61).

**I. Standard of Review**

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3).  In a motion to compel, the movant "bears the initial burden of proving that the information sought is relevant."  *Gruenbaum v. Werner Enterprises, Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  *See also Hunter v. Shield*, No. 2:18-cv-1097, 2020 WL 6484055, at *2 (S.D. Ohio Nov. 4, 2020) (same).  The Court must balance the need of a party to access the information necessary to establish its claim or defense and overly broad requests that amount to a fishing expedition.  *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

## II. Plaintiff's motion to compel discovery and for sanctions (Doc. 54)

On February 14, 2022, plaintiff filed a second motion to compel pursuant to Fed. R. Civ. P. 37 and for sanctions. (Doc. 54).[1] The undersigned held a telephone discovery conference in this matter in an attempt to informally resolve the pending discovery dispute. (*See* 2/14/2022 docket entry; Doc. 55). At the request of the Court, the parties have briefed the discovery issues, and plaintiff's second motion to compel and for sanctions is ripe for resolution.

Plaintiff identifies four areas of the discovery process where defendants allegedly failed to comply and produce relevant discoverable material. (Doc. 54 at PAGEID 534-35). Specifically, and as best the Court can discern, plaintiff alleges that defendants failed to (1) specifically identify which documents make up plaintiff's personnel file (*Id*. at PAGEID 534, 545, 548); (2) produce, in the entirety, her deposition transcript (*Id*. at PAGEID 535, 549); (3) provide a legitimate, nondiscriminatory reason why certain documents and company surveillance videos do not exist (*Id*. at PAGEID 535, 540-43, 545-46, 548-49); and (4) generally abide by the discovery rules concerning the ongoing duty to supplement (*Id*. at PAGEID 535, 546-47).

Defendants argue in opposition that plaintiff's second motion to compel should be denied because (1) all documents related to plaintiff's employment, i.e., plaintiff's personnel file, have been produced; (2) defendants are under no obligation to provide to plaintiff, free of charge, a copy of plaintiff's deposition transcript; (3) defendants have fully answered all of plaintiff's discovery requests concerning why company surveillance no longer exists, and therefore, why it cannot be produced; and (4) defendants are under an ongoing duty to supplement, and the Court has not yet set a discovery cut off date. (Doc. 58). Defendants also argue that they are entitled

---

[1] The Court notes that on January 31, 2022, defendants filed a motion to compel discovery and for sanctions (Doc. 53) which has since been withdrawn (Doc. 62). However, defendants explain that they are "not withdrawing their request for sanctions made in their memorandum in opposition to Plaintiff's second motion to compel." (*Id*., citing Doc. 58).

2

to expenses and attorney fees because plaintiff's motion to compel is "highly frivolous," "untimely[,] and seeks information that Defendants have already provided or that Plaintiff never sought in discovery." (*Id*. at PAGEID 764).

**A. Plaintiff's personnel file**

The Court previously ordered defendants to produce a copy of plaintiff's personnel file. (Doc. 49 at PAGEID 502). In plaintiff's second motion to compel, however, plaintiff asserts that defendants' production of her personnel file remains deficient. (Doc. 54 at PAGEID 534, 545, 548). Plaintiff requests a "written and detailed response" from defendants identifying which of the documents produced by defendants specifically encompass her personnel file. (*Id*.).

Defendants argue that plaintiff's motion to compel should be denied because defendants "have produced all documents related to Plaintiff's employment (Ex. A)." (Doc. 58 at PAGEID 761, citing Doc. 58-1). Defendants assert that there is not a "single file constituting [plaintiff's] personnel file," and defendants have "produced all documents in their possession that would make up Plaintiff's 'personnel file.'" (*Id*., citing Doc. 58-2). Defendants also contend that plaintiff's motion to compel should be denied because plaintiff is "trying to force Defendants to produce documents that do not exist." (*Id*.).

To the extent that plaintiff asks the Court to compel defendants to produce a "specific detailed description of the documents" encompassing her personnel file (Doc. 54 at PAGEID 548), plaintiff's motion is **DENIED**. Defendants have fully complied with the Federal Rules of Civil Procedure and the Court's Order (Doc. 49) by producing all documents related to plaintiff's employment with OAS. Although plaintiff seeks "clarity" as to the specific documents making up her personnel file, defendants represent to plaintiff and the Court that defendants have "produced all documents in their possession that would make up Plaintiff's 'personnel file.'"

3

(Doc. 58 at PAGEID 761; *see also* Doc. 58-2 at PAGEID 934). Moreover, at the Court's February 14, 2022 telephone status conference with the parties, counsel for defendants represented that all documentation related to plaintiff's employment with OAS had been produced, and there were no particular personnel file documents that could be identified. (*See* 2/14/2022 docket entry). The undersigned accepted the representation by counsel, as an officer of the Court, that all relevant documents have been produced in response to plaintiff's discovery requests. The Court is therefore satisfied with defendants' response that they do not have any additional documents at this time concerning plaintiff's personnel file. Accordingly, plaintiff's motion to compel on this basis is **DENIED**.

### B. Deposition transcript

Plaintiff asks the Court to compel defendants to "produce in its entirety, and in a timely fashion, her deposition transcript to the Court. . . ." (Doc. 54 at PAGEID 535). Plaintiff specifically "request[s] the [C]ourt order the defendant[s] to comply with FRCP 32 and provide her access to the deposition transcript she is entitled to by [that rule]. . . ." (*Id*. at PAGEID 549; *see also* Doc. 61 at PAGEID 1183).

Defendants argue that they are under no obligation to provide plaintiff with a copy of her deposition transcript for free. (Doc. 58 at PAGEID 761-62, citing *Riddle v. Claiborne*, No. 00CIV1374, 2001 WL 1464729, at *1 (S.D.N.Y. Nov. 16, 2001)). Defendants contend that plaintiff can "readily purchase a copy of her transcript from the court reporter." (*Id*. at PAGEID 761).[2]

To the extent plaintiff asserts that defendants are obligated to provide plaintiff with a copy of her deposition transcript free of charge, plaintiff's motion to compel is **DENIED**.

---

[2] Defendants identify the Court reporter, with whom plaintiff can order a copy of her deposition transcript, as Patricia A. Walterman from Advanced One Legal, (866) 715-7770. (Doc. 58 at PAGEID 762).

Plaintiff has not directed the Court to any authority that would require a party to provide a copy of a deposition transcript, free of charge, to an opposing party. Rather, pursuant to Federal Rule of Civil Procedure 30(f)(3), "[w]hen paid reasonable charges, the [court reporter before whom the deposition was taken] must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).

Courts have consistently held that a party is not required to provide an opposing party with a free copy of a deposition transcript. *See Johnson v. Elum*, No. 4:20-cv-12422, 2022 WL 1205005, at *3 (E.D. Mich. Apr. 22, 2022) (denying the plaintiff's motion to compel the defendant to produce a copy of the plaintiff's deposition transcript because the plaintiff "may request a copy of his deposition transcript from the court reporter at a reasonable cost"). *See also Adams v. Dolgencorp, LLC*, No. 11-784, 2012 WL 1918625, at *2 (M.D. La. May 25, 2012) ("[T]he deposition transcript is the property of the court reporter, and without payment to the court reporter, the deposition transcript may not be produced by defendant absent a court order."); *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo. 2008) ("The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court."); *Whittenberg v. Roll*, No. CIVS042313, 2006 WL 657381, at *5 (E.D. Cal. Mar. 15, 2006) (denying the plaintiff's motion to compel the defendant to provide the plaintiff with a copy of the deposition transcript free of charge). Accordingly, plaintiff's motion to compel on this basis is **DENIED**.

### C. Spoliation

Previously, plaintiff filed a motion to compel and for an order of protection (Docs. 36, 37, 38) concerning, among other issues, defendants' alleged failure to comply with their "lawful

duty to preserve documents on refusal of the plaintiff's production requests," i.e., "the issue of spoilage." (Doc. 37 at PAGEID 251, 254). There, plaintiff alleged issues relating to spoliation of a surveillance video and other documents by defendants. Plaintiff argued that defendants' response alleging that particular items do not exist "reasonably aroused" in her mind claims of spoliation. (*Id*. at PAGEID 251). Defendants argued that they did not "spoliate evidence" because plaintiff's "discovery requests sought numerous documents that do not exist" and were "simply never in existence." (Doc. 41 at PAGEID 306-07). The undersigned denied plaintiff's motion to compel on this basis because plaintiff failed to provide a factual basis from which the Court could reasonably conclude that defendants spoliated evidence. (Doc. 49 at PAGEID 511). The undersigned found plaintiff's allegations of spoliation to be conclusory and speculative, and "[d]efendants cannot be compelled to produce documents or other evidence that does not exist." (*Id*., citing cases).

      Plaintiff's second motion to compel related to issues of spoliation of documentary evidence is denied. Plaintiff's allegations regarding these documents remain speculative and wholly conclusory. As the Court previously concluded, defendants cannot be compelled to produce documents or other evidence that does not exist. *See Solly v. Mausser*, No. 2:15-cv-956, 2017 WL 4280935, at *2 (S.D. Ohio Sept. 27, 2017) ("Defendants do not have a duty to create documents that do not exist simply to comply with a discovery request. The Court, therefore, cannot compel Defendants to produce documents that do not exist."); *Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have."); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to

produce documents which do not exist or which it does not possess or control.").

With respect to plaintiff's request seeking an order compelling defendants to explain why certain surveillance video evidence does not exist, plaintiff's motion is denied. As best the Court understands, the video evidence at issue concerns the recording of an alleged encounter between plaintiff and another OAS employee on September 29, 2016. OAS management personnel purportedly viewed the video recording of the incident, which did not include audio, and interpreted it as showing plaintiff interacting angrily and aggressively towards the other employee. (Doc. 61-1, Brenda Lancaster Aff., at PAGEID 1193). The written statements of these management employees were included in OAS's response to plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*).

Defendants admit that there was a surveillance video but advised plaintiff that the video no longer exists. (Doc. 58 at PAGEID 763). In response to plaintiff's specific interrogatory request, defendants referred plaintiff "to the email sent to Plaintiff on February 6, 2021, by Defendants' counsel, which explains that surveillance footage commonly is overwritten after a period of time." (Doc. 58-3 at PAGEID 944). Defendants explained to plaintiff that the "video was viewed but no longer exists"; "[s]urveillance video is overwritten after a period of time"; and "[t]his is not unusual." (Doc. 58-4 at PAGEID 952). Defendants have provided a full explanation in response to plaintiff's request. Plaintiff's motion is denied in this respect.

Plaintiff also seeks unspecified sanctions for the alleged spoliation of this video evidence. A party seeking a spoliation sanction must establish: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that

7

claim or defense." *Bevean v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). Plaintiff bears the burden of proof on spoliation. *See Yoe v. Crescent Sock Co.*, No. 1:15-cv-3, 2017 WL 5479932, at *9 (E.D. Tenn. Nov. 14, 2017) (citing *Byrd v. Alpha Alliance Inc. Corp.*, 518 F. App'x 380, 384 (6th Cir. 2013)).

Plaintiff has not met her burden in this case. Plaintiff has not explained how the video evidence is relevant to her claims in this case. She alleges the unavailable evidence is crucial to her case and without it she will suffer prejudice (Doc. 61 at PAGEID 1179), but she fails to explain how the missing video evidence would support her claims in this case.

With respect to OAS's defenses, plaintiff generally alleges that the surveillance video "was critical to Defendant's claims to the EEOC for the non-discriminatory reason for the adverse actions taken." (Doc. 54 at PAGEID 545). She also alleges the "[v]ideo evidence is critical as it duly presents clarity on examination of 'credibility' – meaning, objective observation in context, in real time, could have pinpointed what Plaintiff asserts as distortions and fabrications in the details; in other words, Defendant[s'] malicious mendacity – aka, creation of an intentional unlawful discriminatory pretext." (Doc. 61 at PAGEID 1179). As best the Court can discern, plaintiff appears to argue that the video is relevant because defendants relied, in part, on OAS management's description and interpretation of the video in responding to plaintiff's EEOC charge of discrimination. Again, plaintiff does not explain how the video evidence would prove or disprove OAS's defenses in this case.

In any event, it is clear the surveillance video no longer exists and cannot be produced as evidence in this case. It is also clear that to the extent defendants may seek to admit the testimony of individuals recounting what they observed on the video prior to its overwriting, this is prohibited. An affiant's interpretation of surveillance footage may not be considered on

8

summary judgment because it would constitute inadmissible hearsay and violate the best evidence rule. *See Hinson v. Bias*, 927 F.3d 1103, 1108 n.1 (11th Cir. 2019). *See also Slocum v. Bear*, No. 1:18-cv-423, 2021 WL 3683873, at *4 (S.D. Ohio Mar. 26, 2021), *report and recommendation adopted*, 2021 WL 3683353 (S.D. Ohio Aug. 19, 2021). Therefore, the Court declines to impose sanctions based on the alleged spoliation of the surveillance video. Plaintiff's motion to compel and for sanctions on this basis is **DENIED**.

### D. Discovery obligations

Plaintiff "proclaim[s] the expiration of discovery as fact, such that Defendant[s'] 'right to supplement' is no longer viable." (Doc. 54 at PAGEID 535). Plaintiff expresses "concern[] that the Defendant[s] will be allowed unabated opportunity to create, fabricate, and suddenly produce and 'supplement' at leisure, at any convenient opportunity. . . ." (*Id*. at PAGEID 546-47). To the extent that plaintiff seeks to prohibit defendants from their ongoing duty under the Federal Rules of Civil Procedure to supplement their discovery responses (*Id*. at PAGEID 535; *see* Doc. 58 at PAGEID 763), plaintiff's motion to compel is **DENIED**.

Federal Rule of Civil Procedure 26(e)(1) provides:

(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1). *See Williams v. Baptist Healthcare Sys., Inc.*, No. 3:16-cv-236, 2018 WL 11399986, at *2 (W.D. Ky. July 24, 2018) ("The duty of a party to supplement its

9

disclosures pursuant to Rule 26(e) is so well established in this Circuit as to be beyond meaningful dispute."). Moreover, the "duty to supplement discovery does not cease upon the close of the applicable discovery period." *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-cv-11758, 2015 WL 412184, at *1 (E.D. Mich. Jan. 30, 2015) (citing *Gorzynski v. JetBlue Airways Corp.*, 03CV774A, 2012 WL 712067, at *4, (W.D.N.Y. Mar. 5, 2012)). *See also Hubbell v. FedEx SmartPost, Inc.*, No. 14-13897, 2016 WL 3197492, at *8 (E.D. Mich. June 9, 2016) ("This duty to supplement continues throughout the trial proceedings, and it does not terminate at the end of the formal discovery period.") (citing *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) and *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011)).

Plaintiff fails to explain why she is seeking to prohibit defendants from complying with their ongoing duty to supplement discovery under Rule 26. Although the Court has no basis on which to conclude that defendants are withholding responsive documents or information, defendants nevertheless retain the duty to timely supplement their responses as appropriate pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Plaintiff's motion to compel on this basis is therefore **DENIED**.

### III. Defendants' request for expenses and attorney fees

Defendants seek an award of attorney fees in opposing plaintiff's motion. *See* Fed. R. Civ. P. 37(a)(5)(B). Under Rule 37, the Court may award a party its reasonable expenses incurred in opposing a discovery motion unless the Court finds the motion was substantially justified or other circumstances make an award of expenses unjust. *Id*.

Under the circumstances of this case, the Court finds that an award of expenses would be unjust at this time. It is apparent to the Court that plaintiff's pro se status and lack of legal

10

training have precipitated the filing of the motion in this case. The Court grants plaintiff some latitude in this regard in dealing with some of the legal issues in this case and her misunderstanding of defendants' obligations under the Federal Rules. Nevertheless, plaintiff is warned that the Court will not entertain any further motions to compel discovery or for sanctions based on the specific issues raised in the instant motion. Plaintiff is now on notice that should she file such a motion in the future, she will be subject to sanctions, including but not limited to attorney's fees. *See, e.g., Grant v. Target Corp.*, 281 F.R.D. 299 (S.D. Ohio 2012).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's second motion to compel and for sanctions (Doc. 54) is **DENIED**.

2. Defendants' request for expenses and attorney fees is **DENIED**.

    **IT IS SO ORDERED.**

Date: 6/13/2022

Karen L. Litkovitz
Chief United States Magistrate Judge